# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2814
_____

Cheriese Kiddie

*Plaintiff - Appellant*

v.

Johnnie A. Copeland; Meridee Kaiser; Adrian Woodbury

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison
_____

Submitted: November 1, 2018
Filed: November 6, 2018
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Cheriese Kiddie appeals from a grant of adverse judgment by the district court in her diversity action brought against defendants Johnnie A. Copeland, Meridee Kaiser, and Adrian Woodbury in connection with certain trust documents executed by her deceased grandfather. After careful consideration, we find no genuine issue of fact on most of the claims. *See Beverly Hills Foodland, Inc. v. United Food &*

*Commercial Workers Union, Local 655*, 39 F.3d 191, 194 (8th Cir. 1994) (standard of review); *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007) (federal courts sitting in diversity apply substantive law of forum state).

We conclude that the district court correctly granted summary judgment on Kiddie's breach-of-contract claim, because the oral contract she described was a contract concerning the means by which her grandfather's property was to be divided upon his death, and therefore was required to be in writing in order to be enforceable. *See* Ark. Code Ann. § 28-24-101(b)(1) (statute of frauds). Nothing in the text of that statute suggests that the method of transferring the property, such as through a trust rather than directly, affects the applicability of the statute. *See id.* Likewise, summary judgment was proper on her unjust enrichment claim. Her evidence of unjust enrichment is insufficient to survive summary judgment because her grandfather provided her room and board, a weekly allowance, and other financial compensation for her services.[1] *Cf. Purser v. Kerr*, 730 S.W.2d 917, 920 (Ark. App. 1987) (affirming denial of restitution to plaintiff for much longer service because of similar types of compensation). Furthermore, in the absence of an enforceable contract, Kiddie could not prevail on her claim of intentional interference with a contractual relationship. Additionally, Kiddie did not offer sufficient evidence to prove George's incompetency at any relevant period.

We do find the district court erred in concluding that the state-law claims were excluded from federal jurisdiction, but this error only affects the judgment on one of

---

[1]The district court erred in applying Arkansas law to determine whether the claim was legal or equitable for Seventh Amendment purposes. *See InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*, 719 F.3d 891, 896 (8th Cir. 2013). That error does not change the outcome, though, because Kiddie's claim is still equitable under the correct analysis. *See id.* at 897. ("Because [the plaintiff] is using promissory estoppel to avoid the statute of frauds, the claim is equitable in nature.")

the claims. Seeking an in personam judgment against a person for their conduct with property that ultimately became estate property is not within the probate exception to federal jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 312 (2006). The probate exception only applies to three types of cases: the probate or annulment of a will, the administration of a decedent's estate, and the exercise of *in rem* jurisdiction over property already asserted within the *in res* jurisdiction of a state court. *Id.* at 311–12. The district court correctly declined to rule on the eviction proceedings claim because that claim does not exist under Arkansas law. However, it erred in declining to rule on the vehicles issue as further evidence is required to make this determination. There is nothing in the record indicating whether a state court has already addressed ownership of the vehicles. Kiddie's vehicle claim encompasses pre-existing ownership of the vehicles, not distribution of estate assets. A certificate of title establishes a prima facie case of ownership, see, for example, *In re James*, 496 B.R. 590, 595 (Bankr. W.D. Ark. 2013), and no evidence in the record rebuts that prima facie case. Accordingly, the district court erred in concluding that it had no jurisdiction over the vehicle claim, and the record does not otherwise support summary judgment as to that claim.

We reverse the district court's judgment as to the vehicles and remand for further proceedings on that issue. We otherwise affirm the judgment.[2]

_____

_____

[2]We need not address Kiddie's detrimental reliance argument, because it presents a theory of recovery not presented below. *See Colonial Ins. Co. of Cal. v. Spirco Envtl., Inc.*, 137 F.3d 560, 561 (8th Cir. 1998).